UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Deldre Jordan,                                        Case No.: 23-46057
                                                                Chapter 7
          Debtor.                             Hon. Mark A. Randon
_____/

Michigan Department of Health and Human Services,

      Plaintiff,

v.                                                            Adversary Proceeding
                                                                  Case No.: 24-04440

Deldre Jordan,

      Defendant.
_____/

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>GRANTING PLAINTIFF'S MOTION FOR SANCTIONS</u>**

**I.**     **INTRODUCTION**

Debtor/Defendant, Deldre Jordan, filed Chapter 7 bankruptcy on July 11, 2023; she received a discharge on December 18, 2023. On December 17, 2024, the Michigan Department of Health and Human Services ("MDHHS") filed this adversary proceeding alleging Jordan owes $344,516.66 in Medicaid overpayments. MDHHS seeks to revoke Jordan's discharge for fraudulently concealing assets in her bankruptcy filings, including four parcels of real estate; interests in at least five businesses; an interest in a business bank account which contained $7,452.87 on the petition date; and personal income received from her ownership of Jordan's Everlasting Home Care, LLC. Before the Court

is MDHHS' motion for an order to show cause why Jordan should not be held in contempt of court. For the following reasons, the Court holds Jordan in contempt of court and **GRANTS** MDHHS' motion for sanctions. A default judgment will enter against Jordan revoking her discharge.

## II.     APPLICABLE LAW AND ANALYSIS

On May 27, 2025, MDHHS filed a motion to compel discovery of documents, which included highly relevant tax returns and financial records for Jordan and her business. The Court set the motion for hearing on June 30, 2025. Jordan failed to appear despite her counsel's recommendation that she do so. Counsel also indicated he had been having difficulty communicating with Jordan for the prior three months. The Court warned counsel that Jordan's continued failure to comply with discovery could result in a default judgment and ordered Jordan to produce all documents identified in MDHHS' First Request for Production of Documents by July 10, 2025. After Jordan failed to produce any of the documents, her counsel moved and was permitted to withdraw from the case, and MDHHS asked the Court for a show cause order requiring Jordan to appear and explain why she should not be held in contempt of court. The Court set the motion for hearing on September 15, 2025. Jordan failed to appear.

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) provides that if a party fails to obey an order to provide discovery, the court may render a default judgment against the disobedient party. "Although dispositive relief is a severe sanction, where there is a

-2-

24-04440-mar    Doc 38    Filed 09/19/25    Entered 09/19/25 16:28:30    Page 2 of 4

'continuing saga of dilatory conduct,' striking the pleadings and entering default judgment under Fed. R. Civ. P. 37(b) are appropriate." *Pergament v. Thilman (In re Thilman)*, 548 B.R. 1, 9 (Bankr. E.D.N.Y. 2016). Factors the Court can consider in imposing discovery sanctions include: (1) whether the noncompliance was willful, (2) the duration of the disobedient party's failures, (3) whether the disobedient party had received notice that further delays would result in dismissal, (4) whether the opposing party in the action is likely to be prejudiced by further delay, (5) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (6) whether the efficacy of lesser sanctions have been considered. *Id.*; *Pergament v. Thilman (In re Thilman)*, No. 813-08172-845, 2015 WL 4151049, at *5 (Bankr. E.D.N.Y. July 9, 2015).

      Here, Jordan has willfully violated the Court's orders. She failed to appear at hearings and has not contacted the Court to explain her absence or her failure to produce the documents. Over five months has passed since MDHHS filed its discovery requests. The Court warned Jordan–through counsel–that further delays could result in a default judgment. MDHHS cannot move forward with the adversary proceeding without discovery. Jordan had a fair opportunity to be heard. Finally, the Court determines a less drastic monetary sanction is not appropriate, given the MDHHS' overpayment allegations, which had been reduced to a money judgment prior to Jordan's bankruptcy filing and cannot be collaterally attacked.

-3-

## III. CONCLUSION

Because the factors weigh in favor of MDHHS, its motion is **GRANTED**. The Court will enter a judgment against Jordan revoking her discharge.

**IT IS ORDERED**.

**Signed on September 19, 2025**

/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**